United States District Court
Southern District of Texas
**ENTERED**
December 03, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| ARNEL PEREZ LUIS § | |
| § | |
| VS. § | CIVIL ACTION NO. 5:25-cv-229 |
| § | |
| KRISTI NOEM *et al.* § | |

## ORDER

This is an immigration-related habeas petition where Petitioner challenges his mandatory detention pursuant to 8 U.S.C. § 1225(b)(2) (Dkt. No. 1 at 2–5, 10–11). On November 25, 2025, United States District Judge Sunshine Sykes certified a nationwide class under Federal Rule of Civil Procedure 23(b)(2), encompassing:

> All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

*Maldonado Bautista v. Santacruz, Jr.*, --- F.R.D. ---, 5:25-cv-01873-SSS-BFM, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025). For those individuals, Judge Sykes bestowed "the same declaratory relief granted to [p]etitioners." *Id.*; *see also Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3289861, at *9–11 (C.D. Cal. Nov. 20, 2025) (finding federal respondents' interpretation of 8 U.S.C. §§ 1225(b)(2), 1226 invalid and granting petitioner's motion for partial summary judgment).

Rule 23(b)(2) provides that certification is proper if Rule 23(a) is satisfied and "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." As the Supreme Court has simplified, a Rule 23(b)(2) class is mandatory, for which the "Rule provides no opportunity for . . . class members to opt out, and does not even oblige the District Court to afford them notice of the action."

1

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 362 (2011); *see also Penson v. Terminal Transp.*, 634 F.2d 989, 993 (5th Cir. Unit B 1981) ("[A] member of a class certified under Rule 23(b)(2) has no absolute right to opt out of the class . . . ."). This type of class action stems from "the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." *Dukes*, 564 U.S. at 360 (internal quotation marks omitted) (quoting Richard A. Nagareda, *Class Certification in the Age of Aggregate Proof*, 84 N.Y.U. L. REV. 97, 132 (2009)).

In light of the foregoing, the Court requires clarity regarding Petitioner's status in the nationwide class. The parties are **ORDERED** to file advisories, specifically addressing whether Petitioner is a class member, and the effect of the declaratory relief provided for in *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3289861 (C.D. Cal. Nov. 20, 2025), by **December 5, 2025**. **Given the time-sensitive nature of Petitioner's claims, no extensions will be granted.**

The Clerk of Court is **DIRECTED** to serve a copy of Petitioner's Writ of Habeas Corpus (Dkt. No. 1), its attachments (Dkt. Nos. 1-1, 1-2), and this Order on Respondents via certified mail return receipt requested at the following addresses:

   Kristi Noem
   United States Secretary of Department of Homeland Security
   245 Murray Lane SW
   Mail Stop 0485
   Washington, District of Columbia 20528

   Pamela Bondi
   United States Attorney General
   950 Pennsylvania Avenue NW
   Washington, District of Columbia 20530

>Todd Lyons
>Acting Director of Immigration and Customs Enforcement
>500 12th Street SW
>Washington, District of Columbia 20536
>
>Miguel Vergara
>ERO Harlingen Field Office Director
>1717 Zoy Street
>Harlingen, Texas 78552
>
>Mario Garcia
>Warden of the Webb County Detention Center
>9998 S. Highway 83
>Laredo, Texas 78046

Pursuant to Federal Rule of Civil Procedure 4(i)(2), the Clerk of Court is **DIRECTED** to serve copies of Petitioner's Writ of Habeas Corpus (Dkt. No. 1), its attachments (Dkt. Nos. 1-1, 1-2), and this Order via certified mail return receipt requested on the following:

>United States Attorney
>Attention: Civil Process Clerk
>1000 Louisiana Street, Suite 2300
>Houston, Texas 77002

*See also* Rules 1(b), 12 of the Rules Governing Section 2254 Proceedings.

The Clerk of Court is also **DIRECTED** to electronically serve a courtesy copy of this Order on the Southern District of Texas's Civil Chief Daniel Hu at USATXS-CivilNotice@usa.doj.gov.

To preserve the status quo, Respondents are **ORDERED** to notify Petitioner's counsel and the Court of any anticipated or planned transfer of Petitioner outside the Southern District of Texas, Laredo Division, or any planned removal of him from the United States, **at least five (5) days before** any such transfer or removal.

Finally, Respondents will not be served further notice of activity on this docket. Instead, they must arrange to monitor the docket themselves, either by automatic

electronic service or otherwise.

It is so **ORDERED**.

**SIGNED** December 3, 2025.

                                              Marina Garcia Marmolejo
                                              United States District Judge